UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROYCE L. MATTHEWS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:21-CV-245-HAB |
| THOMAS J. FELTS, et al., | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff believes that he was cheated out of his property through the combined actions of the Fort Wayne Neighborhood Code Compliance ("FWNCC") and the Indiana trial courts. Rather than present his issues to Indiana's appellate courts, Plaintiff sued here. The Court has no jurisdiction over Plaintiff's complaint, and it will be dismissed.

**I.      Factual and Procedural Background**

Plaintiff's complaint is an approximately seven-page narrative, but the Court believes it has figured out the gist. The primary bad actor appears to be Clifford Garwood, an FWNCC officer. Plaintiff alleges that Garwood harassed him by, among other things, citing Plaintiff's property for violations of the neighborhood code. Fines were assessed for the violations. It appears that Plaintiff did not pay those fines. As a result, in August 2018, the Allen County Treasurer and Auditor sought an order from the Allen Circuit Court to allow Plaintiff's property to be sold at tax sale. *See In re: Tax Sale*, Allen Circuit Court, 02C01-1808-TS-1, August 28, 2018.

Plaintiff filed an action in February 2019 seeking to stop the tax sale. *See In re: the Verified Petition for Issuance of a Tax Deed to: Royce Matthews*, Allen Circuit Court, 02C01-1902-TP-9. A hearing was held in March 2019, at which the parties informed the court that an agreement had

been reached whereby Plaintiff would pay the outstanding fines. Plaintiff failed to abide by the terms of the agreement. So, in July 2019, a tax deed was issued. There is no record of any appeal being taken from the Allen Circuit Court's judgment. Almost two years later, Plaintiff filed this lawsuit.

Plaintiff asserts that the fines were excessive, meritless, and the result of Garwood's racial bias. He further alleges that he could not make the repairs required by FWNCC due to timelines imposed by the Allen County Building Department. Finally, Plaintiff alleges that the tax sale of his property was achieved without requisite due process. Plaintiff asks the Court to "uphold and restore the plaintiff's right's [sic]," to "seal[] documents harming plaintiff," and to award damages. (ECF No. 1 at 7).

**II.     Legal Analysis**

Only the Supreme Court of the United States may review the judgment of a state court in civil litigation. Claims that directly seek to set aside a state-court judgment are de facto appeals and trigger the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016). Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)). The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced. *Exxon Mobil Corp.*, 544 U.S. at 284. The *Rooker-Feldman* doctrine is jurisdictional, and thus it may be raised at any time by the court. *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000).

The *Rooker-Feldman* doctrine "bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state-court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citing *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)). In the second case, "*Rooker-Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment." (*Id.*) (quoting *Taylor*, 374 F.3d at 533). If the suit does not seek to vacate the judgment of the state court and instead seeks damages for independently unlawful conduct, it is not barred by *Rooker-Feldman*. *See Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014). Here, because Plaintiff asks the Court to overturn the state-court's judgment, "an action [it] ha[s] no jurisdiction to take," *Mains v. Citibank, N.A.*, 852 F.3d 669, 674–75 (7th Cir. 2017), *Rooker-Feldman* bars all Plaintiff's claims.

The relief requested by Plaintiff shows the applicability of *Rooker-Feldman*. As the Court understands the complaint, Plaintiff asks the Court to return his property, seal the tax sale proceedings, and award him damages resulting from the Defendant's actions in pursuing the tax sale. All requested relief directly implicates the state-court action, falling under the *Rooker-Feldman* doctrine. These requests establish that Plaintiff has no injury beyond the tax sale. The Court cannot consider these requests for declaratory and financial relief because it lacks jurisdiction to do so.

That Plaintiff has invoked 42 U.S.C. §§ 1983 does not change the analysis. "A plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [a] complaint in the form of a federal civil rights action." *Maples Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). Additionally, "[t]he reason a litigant gives for contesting the state-court's decision cannot

3

endow a federal district court with authority . . ." *Iqbal v. Patel*, 780 F.3d 728, 730–731 (7th Cir. 2015). Plaintiff's alleged constitutional injuries flow from the state court's orders and rulings in the tax sale proceedings. Reviewing these orders to consider whether they violated the Plaintiff's constitutional rights is barred by the *Rooker-Feldman* doctrine. "[C]onstitutional claims that are 'inextricably intertwined' with the state-court judgments of necessity call upon the district court to review the state-court decision and are thus beyond the district court's jurisdiction." *Edwards v. Ill. Bd. Of Admissions to Bar*, 261 F.3d 723 (7th Cir. 2001) (citing *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996)).

The Plaintiff's allegations of conspiracy are also barred under *Rooker-Feldman*. A plaintiff cannot overcome *Rooker-Feldman* merely by incanting the word "conspiracy," but must claim that the defendants "so far succeeded in corrupting the state judicial process to obtain a favorable judgment." *Loubser v. Thacker*, 440 F.3d 439, 441 (7th Cir. 2006) (quoting *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995)). Judges may "side" with one side in litigation when ruling against the other, but this does not suggest corruption or conspiracy as it derives from the judicial process. *In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001) (explaining that adverse rulings alone cannot show judicial bias); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996); *Pearce v. Sullivan*, 871 F.2d 61, 63 (7th Cir. 1989). The sole basis for Plaintiff's conspiracy reaches no further than the state court's adverse rulings – not from a dishonest judicial proceeding. *Frierson-Harris v. Kall*, 198 F. App'x 529, 530 (7th Cir. 2006) (noting that such complaints are allegations of adverse rulings, not of any corruption that produced them). Thus, Plaintiff's claims are inextricably intertwined with the state-court judgment and this Court lacks jurisdiction.

Finally, the Court "must then determine whether the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings." *Taylor*, 374 F.3d at 533–34 (internal

quotation marks omitted). In the context of *Rooker-Feldman*, "factors independent of the actions of the opposing parties" may preclude a reasonable opportunity and claims are not barred if the state court inhibited adjudication or if a state law prevented the plaintiff from raising it in state court. *See Brokaw v. Weaver*, 305 F.3d 660, 667–68 (7th Cir. 2002) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999)). Plaintiff has not alleged such barriers in the foreclosure action. Instead, it appears that Plaintiff gave up his arguments against the tax sale when he agreed to pay the outstanding fines. Only when he reneged on that agreement was the tax deed issued. Plaintiff is simply a state-court loser over whose claims this Court lacks jurisdiction. *Exxon Mobil Corp.*, 544 U.S. at 284. Plaintiff got a chance to raise his issues in the tax sale proceedings and chose not to do so. This Court may not review the outcome of that decision.

**III.     Conclusion**

For these reasons, State Defendants' Motion to Dismiss (ECF No. 20) is GRANTED. This matter is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED on October 6, 2021.

       s/ Holly A. Brady_____
       JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT