UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROYCE L. MATTHEWS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:21-CV-245-HAB ) |
| CLIFFORD GARWOOD, et al., | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff failed to perfect a timely appeal of the dismissal of this case. He now asks the Court to extend his appellate deadline, which would make his notice of appeal timely. Because Plaintiff states no basis on which an extension could be granted, his request is denied.

**I.   Procedural History**

Plaintiff's suit was dismissed on October 6, 2021. (ECF No. 27). Thirty-three days later, Plaintiff filed a Notice of Appeal. (ECF No. 30). This untimely filing caused the Seventh Circuit to order Plaintiff to file a jurisdictional memorandum explaining why the appeal should not be dismissed. *See Matthews v. Garwood*, Case No. 21-3080, DKT No. 3 (7th Cir. Nov. 9, 2021). That same order advised Plaintiff that if he wanted an extension of time to file his appeal, "he should file an appropriate motion with the district court, not this court, as soon as possible." *Id*. at 1.

Plaintiff has now requested an extension of time. (ECF No. 34). Plaintiff states, erroneously, that his filing deadline "fell on Saturday November 7[1]." (*Id*. at 2). Plaintiff asserts that "according to rule 3" his notice of appeal was timely because it was filed on the following Monday. (*Id*.).

---

[1] November 7, 2021, was a Sunday.

## II. Legal Discussion

Plaintiff moves for an extension of time under Federal Rule of Civil Procedure 6, but that rule is inapplicable to appellate filings. Instead, the appropriate rule is Federal Rule of Appellate Procedure 4. Rule 4 states that, in civil cases, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This deadline is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Even though the notice of appeal deadline is jurisdictional, a party may move for an extension of the deadline no later than thirty days after the deadline expires. Fed. R. App. P. 4(a)(5)(A)(i). A district court may extend the appellate deadline only upon a showing of good cause or excusable neglect. *Nartey v. Franciscan Health Hosp.*, 2 F.4th 1020, 1024 (7th Cir. 2021); Fed. R. App. P. 4(a)(5)(A)(ii). District courts enjoy "wide latitude" in determining whether a litigant's excuse for missing a deadline constitutes good cause or excusable neglect. *Nartey*, 2 F.4th at 1020.

Plaintiff's motion provides the Court with no explanation as to why his notice of appeal was late. Instead, he claims that it was timely because the last day for filing the notice of appeal was a Sunday. *See* Fed. R. App. P. 26(a)(1)(C). The problem is that the deadline did not run on a weekend. Instead, the last day for Plaintiff to file his notice of appeal was Friday, November 5, 2021. The automatic extension for the inaccessibility of the clerk's office is inapplicable.

What is apparent is that Plaintiff miscalculated the appeal deadline. This is not a reason to grant an extension. *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). Plaintiff's *pro se* status does not change the analysis. *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015); *United States ex rel. Leonard v. O'Leary*, 788 F.2d 1238, 1240 (7th Cir. 1986). The request to extend the appellate deadline must be denied.

**III.     Conclusion**

For these reasons, Plaintiff's Motion Requesting Extension of Time (ECF No. 34) is DENIED.

SO ORDERED on November 30, 2021.

                                                   s/ Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT